Roane Iron Co. vs. Wisconsin Trust Co.

ROANE IRON COMPANY, Appellant, vs. WISCONSIN TRUST COMPANY, Garnishee, Respondent.

*March 24 — April 12, 1898.*

*Constitutional law: Special legislation: Voluntary assignment: Garnishment: Trust company.*

1. The act authorizing the incorporation of trust companies and giving them power to act as assignees, without giving bond or security in the discretion of the court, other than by deposit of securities with the state treasurer (sec. 6, ch. 263, Laws of 1891, as amended by ch. 160, Laws of 1895), is a general law, and is not subject to objection under sec. 31, art. IV, Const., prohibiting special legislation for granting corporate powers or privileges, or discriminating in favor of a class.

2. That act confers no banking powers upon such companies, but expressly excludes the exercise thereof, and it did not need to be submitted to a vote of the people under sec. 5, art. XI, Const.

3. In garnishment proceedings against a trust company, by a creditor of a corporation for which it is assignee, the question cannot be raised whether the capital stock of such trust company has been paid up in cash or securities.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The facts of the case are stated in the opinion.

For the appellant there was a brief by *Mock, Riley, Wittig & Schinz,* attorneys, and *Moritz Wittig, Jr.,* of counsel, and oral argument by *Moritz Wittig, Jr.* They argued, *inter alia,* that the several acts authorizing the organization and defining the powers of trust companies (ch. 263, Laws of 1891; ch. 160, Laws of 1895) are special acts granting special corporate privileges, in violation of subd. 7, sec. 31, art. IV, Const., and are therefore void. *Kimball v. Rosendale,* 42 Wis. 415; *Clark v. Janesville,* 10 id. 177, 181, 191; *Wis. Keeley Inst. Co. v. Milwaukee Co.* 95 id. 153–158. They are class legislation. *Durkee v. Janesville,* 28 Wis. 464; *Wilder v. C. & W. M. R. Co.* 70 Mich. 382; *Grand Rapids*

*Chair Co. v. Runnels,* 77 id. 104, 111; *Gulf, C. & S. F. R. Co. v. Ellis,* 165 U. S. 164; *Braceville Coal Co. v. People,* 147 Ill. 70; *Millett v. People,* 117 id. 301; Cooley, Const. Lim. 391; *Foxworthy v. Hastings,* 23 Neb. 772, 778–9. It cannot be due process of law to give to certain corporations the special and exclusive privilege and franchise of holding an important office, and drawing large fees, without giving any security. A corporation appointed assignee cannot be removed by the court. *Burtt v. Barnes,* 87 Wis. 519, 522. The acts violate secs. 1, 4, 5, art. XI, Const., in conferring banking powers. *Reed v. People ex rel. Hunt,* 125 Ill. 595–600; 3 Am. & Eng. Ency. of Law (2d ed.), 789, 796–802; *Henderson L. & R. E. Asso. v. People ex rel. Cobb,* 163 Ill. 196; *Sykes v. People,* 132 id. 32, 41; *Kennedy v. Knight,* 21 Wis. 340, 346; *Baker v. State,* 54 id. 368, 376–7; *In re Koetting,* 90 id. 171, and cases cited; *Richmond v. Blake,* 132 U. S. 592; *Way v. Butterworth,* 106 Mass. 76. The defendant trust company was not legally organized and authorized to act as assignee. *Zanesville v. Gas Light Co.* 47 Ohio St. 1.

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

WINSLOW, J. On the 8th day of June, 1896, the Moore Manufacturing & Foundry Company, a corporation, made a voluntary assignment for the benefit of its creditors to the *Wisconsin Trust Company,* which accepted the trust, and received into its possession the property of the assignor. The trust company is a corporation organized and existing under ch. 158, Laws of 1887, ch. 263, Laws of 1891, and ch. 160, Laws of 1895. The trust company took no oath, and gave no bond as assignee, but had complied with all the requirements of law as to the depositing of securities with the state treasurer. The plaintiff company, being a creditor of the assignor, thereupon garnished the trust company, and claims

that the assignment is void. The garnishee is a trust com-
pany organized pursuant to law for the purpose of acting as
trustee in the execution of trusts of various kinds, and among
the powers conferred on it by law it is authorized to execute
the offices of executor, administrator, trustee, receiver, or
*assignee,* and in such cases it is not required to take any
oath, or give any bond or security, except in the discretion
of the court, other than the deposit of a certain amount of
securities with the state treasurer. Sec. 6, ch. 263, Laws of
1891, as amended by ch. 160, Laws of 1895.

The principal contentions made by the appellant are that
the law authorizing such companies to act as assignee with-
out bond such as is required of a natural person is unconsti-
tutional, as special legislation, conferring corporate powers,
and as discriminating in favor of a class. Const. Wis. art. IV,
sec. 31. It is also claimed that the act attempts to confer
banking powers, and hence is void, because it has not been
submitted to vote of the people. Const. XI, sec. 5. That a
corporation may be authorized by law to act as trustee is
very well settled. 1 Beach, Trusts, § 12; 2 Beach, Trusts,
§§ 674, 675; Chaplin, Express Trusts, § 112. That the law
authorizing the organization of such corporations is a gen-
eral, and not a special or private, law, is certain. There is
no more reason for calling it a special or private law than
there is for calling all of the general laws which authorize
the formation of corporations for specified purposes and with
specified powers, special or private laws. The fact that it
gives no bond except in the discretion of the court, but gives
security by depositing securities with the state treasurer,
cannot be considered as unjust discrimination. Such reason-
ing would invalidate many just and salutary laws. The
question is one of legislative policy. *Minnesota L. & T. Co.
v. Beebe,* 40 Minn. 7.

We have not been able to see that the act confers banking
powers on such companies. The act itself provides that

"nothing herein contained shall be construed as giving the right to issue bills to circulate as money, or buy or sell bank exchange, or do a banking business."

An attempt was made to show that certain of the subscriptions to the capital stock of the trust company had not been paid in cash, but in securities. This question could not be raised by collateral attack.

The judgment dismissing the garnishment proceedings was plainly right.

*By the Court.*— Judgment affirmed.